933 F.2d 1008
 138 L.R.R.M. (BNA) 2920
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leonard K. LINTON, Plaintiff-Appellant,
v.
UNITED PARCEL SERVICE, and International Brotherhood of
Teamsters, Chauffeurs, Warehousemen and Helpers of
America, Local 243, Defendants-Appellees.
 No. 90-1915.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1991.
 
 Before KENNEDY and BOYCE F. MARTIN, Jr., Circuit Judges, and SPIEGEL, District Judge.*
 PER CURIAM:
 
 
 1
 The plaintiff, Leonard K. Linton, appeals the District Court's decision granting defendants, United Parcel Service (UPS) and International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local 243 (the union) summary judgment in this suit brought pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185(a). This case is a hybrid section 301 suit, alleging improper discharge and breach of the duty of fair representation. The plaintiff claims that the District Court erred in concluding that UPS did not discharge the plaintiff in violation of the collective bargaining agreement and in holding that because he could not proceed with the claim against UPS, the claim against the union also failed. For the reasons discussed below, we REVERSE and REMAND.
 
 
 2
 The plaintiff was first hired by UPS in 1979 as a part-time loader-unloader. He was employed by UPS in that capacity until September 1988, when he applied for the position of "next day special air driver." In order to apply for the two positions he filled out employment applications which included the question: "Have you ever been convicted of a crime?" Linton's response to that question on both applications was "no." The 1979 application included the following statement:
 
 
 3
 In signing this application for employment, I understand that misrepresentation or omission of facts is cause for cancellation of this application or separation from the company's service if I am employed. I agree that the company shall not be liable in any respect if my employment is terminated because of the falsity of statements, answers or omissions made by me on this application.
 
 
 4
 The 1988 application included a statement virtually identical to that above.
 
 
 5
 In the course of processing Linton's 1988 application, UPS ran a check on his criminal history, and discovered that he had been convicted in May 1976 of "Loitering Where Marijuana is Kept," in violation of a Dearborn, Michigan ordinance.
 
 
 6
 After confronting the plaintiff with this information, and having been dissatisfied with the plaintiff's response, UPS terminated his employment in October 1988. In a letter to plaintiff dated October 17, 1988, UPS stated that "the employment applications submitted to United Parcel Service on August 7, 1979 and on September 20, 1988 were falsified." The letter cited the relevant clause from the application, and informed Linton that his employment with UPS was terminated.
 
 
 7
 The plaintiff claims that he was not aware that he had provided any false information because he did not think that he had ever been convicted of a crime. When he was 17, he and a friend were stopped by police, and his friend was found to have marijuana in his possession. The two were taken into custody, and Linton pled guilty to the loitering offense and paid a fifty dollar fine.
 
 
 8
 Leon Cooper, vice president and business agent of Local 243 processed the plaintiff's grievance. Cooper, plaintiff and a company representative attended a meeting, at which the UPS representative refused to reinstate Linton. A local level hearing was then held to seek formal adjustment of the grievance. UPS accepted Cooper's proposal that UPS allow Linton to resign, rather than be discharged. Linton, however, withdrew his preliminary acceptance, and refused to resign. Plaintiff then requested that the union proceed to the next step in the grievance procedure, a hearing before the state-level union-management committee. Cooper informed Linton that the decision reached at the local level hearing was final and binding and that the union considered the matter closed.
 
 
 9
 The plaintiff brought this suit, claiming that he was discharged in violation of the collective bargaining agreement, and that the union breached its duty of fair representation. The District Court concluded that the plaintiff provided false information on the application, and granted UPS's motion for summary judgment. The District Court also held that because the plaintiff could not proceed against UPS, his claim against the union also failed. The plaintiff now appeals.
 
 
 10
 This is an appeal from summary judgment, and therefore, the standard of review is the same in this Court as it was before the District Court. See Hines v. Joy Manufacturing Co., 850 F.2d 1146, 1149 (6th Cir.1988). Summary judgment must be affirmed where there is no genuine issue of material fact and when the moving party is entitled to judgment as a matter of law. See Stephens v. Norfolk and Western Railroad Co., 792 F.2d 576, 579 (6th Cir.1986).
 
 
 11
 Linton claims that his employment was terminated in violation of the collective bargaining agreement. He contends that under the agreement, he must have been terminated for dishonesty, which requires that he intentionally provided false information on the application. He claims that the information he provided was not false, and that even if it was, he had no knowledge that it was false, and that he therefore did not have the requisite intent. In arguing that the bargaining agreement requires that he must have acted dishonestly in order to be terminated Linton relies on the clause within the collective bargaining agreement that provides that for the termination of employees: "The Employer shall not discharge nor suspend any employee without just cause, ... except no warning notice need be given to any employee before he/she is discharged if the cause of such discharge is: (a) dishonesty...." (Joint App. at 161).
 
 
 12
 The plaintiff correctly concludes that the collective bargaining agreement controls the relationship between an employee and employer. "Individual contracts cannot subtract from collective ones...." J.I. Case Co. v. NLRB, 321 U.S. 332, 339 (1944). Therefore, in order to terminate Linton, UPS must have just cause, as required by the collective bargaining agreement. Because the District Court concluded that the warning on the application controlled, the District Court did not make any determination as to whether providing false information would constitute just cause for termination. In order for the defendants to win on a summary judgment motion, however, the court must find that as a matter of law UPS did not breach the collective bargaining agreement by terminating Linton. Since it is unclear whether UPS violated the collective bargaining agreement by terminating Linton, summary judgment was inappropriate.
 
 
 13
 The District Court equated a false answer with dishonesty. However, the two terms are not indentical. Dishonesty includes a component of intent to deceive. Thus, if dishonesty is the standard, the issue then is whether Linton had the requisite intent to deceive. Providing false information on the application may also be a basis for finding just cause for termination. However, it is not just cause as a matter of law. The collective bargaining agreement provides a method of determining just cause, which is a mixed question of law and fact. The District Court did not rule on the question of whether plaintiff was denied that process by reason of the union's alleged breach of the duty of fair representation. Although the union urges us to rule on its motion for summary judgment that there was no such breach, we decline to do so in the first instance. The issues are not properly decided on summary judgment.
 
 
 14
 Accordingly, we REVERSE the judgment of the District Court, and REMAND for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio. Sitting by designation